**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DIANE FOLEY, *et al.*,<br>Plaintiffs,<br>v.<br>LAFARGE S.A., *et al.*,<br>Defendants. | Case No. 23-cv-05691-NGG-PK |
| ESTATE OF AVRAHAM GOLDMAN, *et al.*,<br>Plaintiffs,<br>v.<br>LAFARGE S.A., *et al.*,<br>Defendants. | Case No. 24-cv-01043-NGG-PK |
| JASON BLACK, *et al.*,<br>Plaintiffs,<br>v.<br>LAFARGE S.A., *et al.*,<br>Defendants. | Case No. 24-cv-08901-NGG-PK |
| CHRISTINE STALLTER, *et al.*,<br>Plaintiffs,<br>v.<br>LAFARGE S.A., *et al.*,<br>Defendants. | Case No. 25-cv-06749- NGG-PK |

**[PROPOSED] ORDER GRANTING PLAINTIFFS'**
**MOTION FOR SPOLIATION SANCTIONS**

Having reviewed Plaintiffs' Motion for Spoliation Sanctions and the Memorandum of Law and exhibits in support of that motion, the Court hereby **ORDERS** that:

1. The Motion is **GRANTED**.

2. An adverse-inference instruction shall issue, with the precise content to be decided at the time of trial. At a minimum, the instruction should inform the jury that: (a) Defendants intentionally destroyed emails, text messages, and other information they had a legal obligation to preserve; (b) the destroyed information was relevant to the claims and defenses in this case; and (c) the jury should presume that the lost evidence would have supported Plaintiffs' claims and would have undermined Defendants' defenses.

3. Defendants also shall be precluded from submitting evidence about or characterizing the contents of the missing documents.

4. Plaintiffs shall be permitted to present evidence to the jury about Defendants' spoliation.

**IT IS SO ORDERED**

Dated:

________________, 2026
Brooklyn, New York

______________________________
The Hon. Peggy Kuo
United States Magistrate Judge
Eastern District of New York